[File No. 6138.]

EMMA JUZELER, Respondent, v. PETER BUCHLI and A. L. Johnson, Appellants.

(249 N. W. 790.)

Opinion filed July 29, 1933.

*Samuel P. Rigler*, for appellants.

658

*Floyd B. Sperry,* for respondent.

Burke, J.   Early in 1926 the defendant Peter Buchli brought one J. P. Finch, a horse buyer, to the home of the plaintiff, introduced him to the plaintiff as an honest horse buyer with whom he had done business for a number of years.   Later the plaintiff sold to the said J. P. Finch 14 head of horses at the agreed price of $320.   At the same time the defendant Buchli sold to the said Finch one horse for $25 and the defendant Johnson sold to the said Finch a number of horses for which he agreed to take $195.   Finch gave one check to Buchli for $25 and one for $45, to the plaintiff a check for $320 and to the defendant Johnson a check for $195.   These checks were returned unpaid, marked "Insufficient Funds," and accompanying the plaintiff's check was protest fees of $2.85.

After the return of the checks there were many conversations between the plaintiff and Buchli, and between Buchli and Mr. and Mrs. Smith (the plaintiff's son-in-law and daughter, who looked after plaintiff's business), in which there was something said about Buchli recommending Mr. Finch to the plaintiff as an honest horse dealer, safe to do business with, and at least one witness testified that the defendant said he guaranteed the payment of the $320 check to the plaintiff.

Apparently the defendant felt some responsibility and he agreed to and did take the check for collection.   The check was forwarded to Buchli by mail early in the spring of 1928 by Mrs. Smith.   In June, 1928 Mr. Smith wrote to Buchli asking him to return the check, as he had done nothing with it and he desired the check for the purpose of commencing an action.   Buchli apparently paid no attention to this letter and in December 1928 Mr. Smith wrote Buchli again stating that "Under date of June 23rd 1928 I requested you to return the J. P. Finch check for $320, protest fees $2.85.   If this check has not been paid kindly return the same at once or if you have settled with Finch for this check kindly send us your check in full at once."   Buchli paid no attention to this letter.   In October, 1930 Smith wrote to Buchli again, stating that "In the spring of 1928 at your request we sent you a check of J. P. Finch dated Sept. 1926 for $320 and protest fees $2.85 total $322.85.   Under date of June 23rd 1928 we requested the return of this check if you had not collected same or proceeds if same was collected.   Also under date of Dec. 10th, 1928 we made the same request but to date have not had a settlement for same.   This has run as

long as we can let it go and at this time will demand settlement of this check. Kindly forward your check to us on or before Nov. 1st 1930 in settlement of this check." This letter was also ignored by Mr. Buchli.

After Buchli received the check in March 1928 he turned it over to the defendant Johnson, who took it and the other Finch checks to Fargo to collect the same. Finch did not have any money to pay the checks but he had at the time three Percheron stallions, any one of which he was willing to sell to Johnson and Buchli and take in payment the said checks. The horse that Johnson considered was a Percheron past three years old, weighing 1800 pounds, priced at $750, one hundred dollars more than the checks amount to, but Johnson called Buchli up on the phone, explained the deal and Buchli told Johnson to use his best judgment. Johnson then turned over the checks to Finch, paid the $100 difference in cash and received a contract of warranty which states that Finch Brothers had sold to Peter Buchli and Johnson of Golden Valley, North Dakota, the stallion named Major, number 193057 for the sum of $750, cash $100 also $650 allowance for full settlement allowance to Mr. Buchli for $25 also one $45 check, for check given to Mrs. Juzeler for $322.85, one to Mr. Johnson of $195, then follows a guaranty of the horse for the purpose for which he was purchased. The horse was shipped to Buchli and Johnson. Buchli claims that about six months later, he told Mr. Smith about the deal and that the plaintiff, Mrs. Juzeler had an interest in the horse. This is denied by Mr. Smith and Buchli's failure to reply to Smith's letters of June 23, 1928, December 10, 1928 and October 18, 1930, would indicate that Buchli had said nothing about the deal. The deal for the horse was made without the knowledge or consent of the plaintiff. The defendants claim that the horse was not as warranted and without consulting the plaintiff they traded this horse for another one, which they claim is a good horse and there is no contention that he is not worth the money invested.

The plaintiff brought this action against the defendants to recover the amount of the check. By stipulation it was tried to the court without a jury and the trial judge made findings of fact and conclusions of law for the plaintiff, upon which judgment was entered and the defendants appeal.

It is a very simple case. The defendants took the check for collection and without authority they used it as part payment at its full ·value in the purchase of a horse, the contract of sale shows that the horse was purchased by Peter Buchli and Johnson of Golden Valley. In relation to the deal, Mr. Finch testified "At the time ·I shipped Mrs. Juzeler's horse I shipped one from Mr. Buchli, and this deal was entered into with the intent of cleaning up my obligations on that load of horses, and at the time I sold, them this stallion for $750 that was the purchase price of the stallion, on which they paid $100, and the balance was to take up these various checks to Mr. Johnson, Mr. Buchli and Mrs. Juzeler. Q. They were to pay Mrs. Juzeler the amount of the check, that was the agreement was it? A. Yes, sir."

Mr. Buchli testified, when called for cross examination: "I received the check from Mrs. Juzeler. I gave it to Mr. Johnson. He traded it for a horse together with the other checks. Mr. Johnson called me up on the phone. I told him to go ahead and use his own judgment on it. I was satisfied with what he had done. He explained to me that we were to pay $750 for the stallion, paying $100 cash and the check for $320 and a check for $195 to Mr. Johnson and one check to me for 25 and one for 45." Mr. Johnson's testimony is practically the same.

The check was given to Buchli for collection and without any authority the defendants used the check at its full value in the purchase of a horse and are responsible to the plaintiff for the face value of the check.

The judgment is affirmed.

NUESSLE, Ch. J., and BIRDZELL, CHRISTIANSON and BURR, JJ., concur.